THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VILLAGE ON JAMES STREET ASSOCIATION, a Washington non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OREGON MUTUAL INSURANCE COMPANY, an Oregon Corporation; DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | CASE NO. C18-1433-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Oregon Mutual Insurance Company's motion to seal (Dkt. No. 22) and the parties' joint motion for an order approving settlement and barring contribution claims (Dkt. No. 23). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion to seal and GRANTS the parties' joint motion for an order approving settlement and barring contribution claims for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff is a nonprofit corporation with the duty to maintain the common elements and any limited common elements of the Village on James Street condominium complex. (*See* Dkt. No. 1 at 2.) Defendant sold Plaintiff property insurance policies identifying the Village on James

Street condominium complex as covered property. (*See id*.) In March 2018, an investigation uncovered hidden damage at the Village on James Street condominium complex. (*See id*. at 3.) In May 2018, Plaintiff tendered claims to Defendant. (*See id*.) The parties subsequently entered into a tolling agreement that expired on September 28, 2018. (*See id*.) On September 28, 2018, Plaintiff filed suit against Defendant, seeking a declaratory judgment that Defendant's policies provided coverage and alleging various claims arising under Washington state law. (*See id*. at 3–5; Dkt. No. 18.)

On September 9, 2019, the parties participated in mediation and reached an agreement to settle this matter. (*See* Dkt. No. 23 at 2–3.) The parties jointly move for an order approving the settlement and barring contribution claims. (Dkt. No. 23.) Defendant individually moves to file under seal two exhibits concerning the parties' settlement. (Dkt. No. 22; *see* Dkt. No. 26.)

## II. DISCUSSION

### A. Motion to Seal

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3); *see Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "A party may file a document under seal . . . if a statute, rule, or prior court order expressly authorizes the party to file the document under seal; or . . . if the party files a motion . . . to seal the motion at the same time the party files the sealed document." W.D. Wash. Local Civ. R. 5(g)(2)(A)–(B). The party seeking to maintain documents under seal bears the burden of showing specific prejudice or harm that will result via a particularized showing to each individual document. *See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999).

In determining whether a judicial record is properly maintained under seal, the Court looks to whether the motion is more than tangentially related to the merits of a case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–1102 (9th Cir. 2016) (examining case law and clarifying standard to file documents under seal). If a motion is more than tangentially

related to the merits of a case, the party seeking protection must demonstrate that "compelling reasons" exist and justify maintaining the record under seal. *See id.*; *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). But a party seeking to seal judicial records that are only tangentially related to the merits of a case "need only satisfy the less exacting 'good cause' standard." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)); *see* Fed. R. Civ. P. 26(a). The Ninth Circuit has not provided specific guidance as to which standard applies to settlement agreements, and district courts have applied both standards. *See Select Portfolio Servicing v. Valentino*, 2013 WL 1800039, slip op. at 2 (N.D. Cal. 2013) (collecting cases); *Prosurance Grp., Inc. v. Liberty Mut. Grp., Inc.*, 2011 WL 704456, slip op. at 1 (N.D. Cal. 2011) (applying good cause standard because "a motion to determine good faith settlement is only tangentially related to the merits of the underlying cause of action"); *Taylor v. AFS Techs., Inc.*, 2010 WL 2079750, slip op. at 2 (D. Ariz. 2010) ("Because approval of the settlement agreement will be dispositive of the FLSA claim, the compelling reasons standard set forth in *Kamakana* applies to that agreement.").

Defendant first argues that the terms and conditions of the parties' settlement are confidential. (*See* Dkt. No. 22 at 3.) But mere assertions of confidentiality do not establish good cause or a compelling reason to maintain documents under seal. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136–38 (9th Cir. 2003); *Bernstein v. Target Stores, Inc.*, 2013 WL 5807581, slip op. at 3 (N.D. Cal. 2013) ("The existence of a confidentiality provision, without more, does not constitute good cause, let alone a compelling reason, to seal."). Defendant next argues that the exhibits should be maintained under seal because they are "the product of mediation" and thus are confidential under Washington law. (*See* Dkt. No. 22 at 3–4) (citing Wash. Rev. Code § 7.07.070). But the statute cited by Plaintiff provides that "mediation *communications* are confidential to the extent agreed by the parties or provided by other law or rule of this state." Wash. Rev. Code § 7.07.070 (emphasis added). Defendant's claim that the exhibits arose from mediation does not establish that the exhibits thus constitute "mediation

communications" within the meaning of the statute. And, notably, Defendant's motion to seal discusses the parties' mediation in much more detail than the exhibits do themselves. (*See* Dkt. No. 22 at 2.)

Thus, Defendant has not identified a statute, rule, or prior court order expressly authorizing it to file the exhibits at issue under seal, and it has not carried its burden of demonstrating that the exhibits should be sealed under either the compelling reason standard or the good cause standard. *See* W.D. Wash. Local Civ. R. 5(g)(2)(A)–(B). Therefore, Defendant's motion to seal (Dkt. No. 22) is DENIED.

### B. Motion to Approve Settlement and Bar Contribution Claims

"A court has the 'inheritable [sic] equitable authority to enter an order precluding subsequent claims for contribution and indemnity by non-settling parties.'" *Nautica Condo. Owners Ass'n v. Aspen Specialty Ins. Co.*, Case No. C15-1788-JLR, Dkt. No. 83 at 2–3 (W.D. Wash. 2018) (quoting *Canal Indem. Co. v. Glob. Dev., LLC*, Case No. C14-0823-RSM, Dkt. No. 132 at 5 (W.D. Wash. 2015)). "Contribution bar orders are 'consistent with the public policy in Washington of encouraging settlement.'" *Id.* at 3 (quoting *Puget Sound Energy v. Certain Underwriters at Lloyd's*, 138 P.3d 1068, 1079 (Wash. Ct. App. 2006)); *accord Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989). "In determining whether a contemplated contribution bar is appropriate, the court considers whether the proposed settlement is reasonable and the interests of non-settling defendants are protected." *Canal Indem. Co.*, Case No. C14-0823-RSM, Dkt. No. 132 at 6.

1. *Reasonableness*

The parties agree that the settlement is reasonable. (Dkt. No. 23 at 4); *see Nautica*, Case. No. C15-1788-JLR, Dkt. No. 83 at 3. The parties state that their mediation was held before a mediator with substantial experience in insurance coverage disputes, that the resultant settlement was negotiated at arm's-length and in good faith, and that both parties were represented by competent counsel. (*See* Dkt. Nos. 24, at 1, 25 at 1–2.) There is no evidence of bad faith,

collusion, or fraud regarding the settlement negotiations or the ultimate settlement agreement. (*See generally* Dkt. Nos. 23, 24, 25.) And having reviewed the memorandum of settlement and the terms of the settlement agreement, the Court finds that the settlement is not "[p]atently collusive or inadequate" and thus clears the low bar of reasonableness. *Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1231 (9th Cir. 1989); *see Bank of Am. v. Travelers Indem. Co.*, Case No. C07-0322-RSL, Dkt. No. 148 at 2 (W.D. Wash. 2009); (Dkt. No. 26).

### 2. *Interests of Non-Settling Defendants*

"There is no single formula for determining whether non-settling parties' rights are protected when a bar order is entered." *Canal Indem. Co.*, Case No. C14-0823-RSM, Dkt. No. 132 at 7; *see Nautica*, Case. No. C15-1788-JLR, Dkt. No. 83 at 4 (collecting cases); *Puget Sound Energy*, 138 P.3d at 1078–80 (setting forth various ways to protect interests of non-settling defendants). "[T]he prospect that the non-settling defendant may face greater financial exposure if it is barred from seeking contribution does not, in itself, render a bar order inappropriate." *Nautica*, Case. No. C15-1788-JLR, Dkt. No. 83 at 4.

The parties assert that Defendant is the only defendant in this lawsuit and that Plaintiff has previously tendered claims to several other insurers, thus demonstrating that several defendants remain from whom contribution may be sought. *See Nautica*, Case. No. C15-1788-JLR, Dkt. No. 83 at 4; (Dkt. No. 23 at 4). In addition, the parties' settlement agreement specifies that Defendant agrees to dismiss its equitable contribution and other claims against potentially-liable insurers on a reciprocal basis. (*See* Dkt. Nos. 23 at 5, 26 at 6.) Further, the parties' settlement agreement does not affect any non-settling defendant's rights to its existing claims and defenses, and thus non-settling defenses may be entirely excused from liability. *See Nautica*, Case. No. C15-1788-JLR, Dkt. No. 83 at 4; (Dkt. No. 23 at 5). Therefore, the parties' proposed settlement adequately protects the interests of non-settling defendants.

In sum, the Court finds that the parties' proposed settlement is reasonable and that the interests of non-settling defendants are adequately protected. *See Canal Indem. Co.*, Case No.

C14-0823-RSM, Dkt. No. 132 at 6. Therefore, the parties' joint motion for an order approving settlement and barring contribution claims (Dkt. No. 23) is GRANTED.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to seal (Dkt. No. 22) is DENIED. Defendant is DIRECTED to file publicly-available versions of the documents at issue no later than 14 days from the date this order is issued. Pursuant to the parties' joint request, Defendant may redact the settlement amount from the publicly-available versions of the exhibits. (*See* Dkt. No. 22 at 4.)

The parties' joint motion for an order approving settlement and barring contribution claims (Dkt. No. 23) is GRANTED. It is hereby ORDERED that:

1. The settlement agreement between Defendant Oregon Mutual Insurance Company and Plaintiff Village on James Street Association is reasonable; and
2. Any claims, under any theory or combination of theories, including but not limited to equitable contribution or subrogation, that may be brought by any non-settling insurer of Plaintiff Village on James Street Association arising out of Plaintiff Village on James Street Association's property insurance claim for hidden damages at the 6711 239th Place location to Defendant Oregon Mutual Insurance Company are hereby BARRED.

DATED this 10th day of December 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE